**Benjamin PRUITT and Arthur Pruitt, Plaintiffs,**

v.

**Police Officers Don T. CARNEY, Timothy J. McCaffrey, and Joseph Miller, in their individual and official capacities, Defendants.**

**No. CV 95–1581(ADS).**

United States District Court, E.D. New York.

June 29, 1999.

Law Offices of Frederick K. Brewington, Hempstead, NY, Frederick K. Brewington, Adrienne Brewington, Eric Sarver, of counsel, for plaintiff.

Jones Hirsch Connors & Bull P.C., New York City, Taso Kalapoutis, of counsel, for defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

### I. BACKGROUND

This Section 1983 excessive force action was commenced by the plaintiffs, Benjamin Pruitt and Arthur Pruitt (collectively, "the plaintiffs"), two brothers, against the defendants, three Nassau County Police Officers in their individual and official capacities. Plaintiff Benjamin Pruitt alleged that defendant Officer Carney used unjustifiable and excessive force when he shot him in the chest in connection with a dispute that transpired on April 20, 1994. Similarly, plaintiff Arthur Pruitt alleged that all three Officers used similar force when they assaulted him in connection with his arrest. While the defendants admitted to the use of this force against both plaintiffs, they maintained that the amount of force used was reasonably necessary under the circumstances to defend themselves and to effectuate the arrest of Arthur Pruitt.

The case proceeded to trial in January, 1998 and resulted in a partial verdict, namely a verdict in favor of Arthur Pruitt, who received an award of damages in the amount of $14,000. After eight days of deliberation, however, the jury was unable to reach a unanimous verdict with respect to Benjamin Pruitt.

Due to juror misconduct, the verdict in favor of Arthur Pruitt was set aside by the Court in its September 5, 1998 Memorandum of Decision and Order. The claims of both plaintiffs were re-tried from November 23, 1998 through December 15, 1998. The re-trial resulted in verdicts in favor of all the defendants and against both plaintiffs.

Presently before the Court is the defendants' motion pursuant to 42 U.S.C. § 1988(b) for the awarding of attorneys' fees and costs on the ground that the plaintiff's claims were frivolous, unreasonable, or without foundation.

### II. DISCUSSION

#### A. *42 U.S.C. § 1988(b)*

In the federal courts, and indeed in all the courts in the United States, the general rule guiding the awarding of attorneys fees is that each party bears the responsibility of paying their own costs. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Hensley v. Eckerhart,* 461 U.S. 424, 103

S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Alyeska Pipeline Service Co. v. Wilderness Soc'y.,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The "American Rule," as it has become known, was based on the principle that awarding costs to the prevailing party would potentially stifle reasonable, well-founded law suits. However, in response to the *Alyeska* decision, Congress created an exception to the "American Rule" when they enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b) which authorizes the district courts to award reasonable attorney's fees and costs to the prevailing party in civil rights litigation. Specifically, Section 1988(b) states, in pertinent part, that "the court, in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."

While the United States Supreme Court has interpreted Section 1988(b) as a proper measure of relief for a prevailing party plaintiff, it has discouraged the awarding of attorney fees and costs where the defendant is the prevailing party. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam); *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The Supreme Court in *Christiansburg* articulated two policy reasons for this dichotomy. First, "the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." *Id.* at 418, 98 S.Ct. 694 (citation omitted). "Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." *Id.*

In *Hughes v. Rowe, supra,* the Supreme Court reiterated its policy to treat prevailing party defendants differently from prevailing party plaintiffs when assessing attorneys fees and costs. The Court stated that, "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees" in favor of the defendant. *Hughes,* 449 U.S. at 14, 101 S.Ct. 173. While the Supreme Court did not rule out the possi-

bility of a district court awarding fees and costs to a prevailing party defendant, the Court stated that for a district court to do so, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Id.* Moreover, the Second Circuit has added that "[i]n order to avoid chilling the initiation and prosecution of meritorious civil rights actions, fees are not to be awarded to a prevailing defendant unless the plaintiff's action was 'frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so.'" *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 765 (2d Cir.1998) (quoting *Christiansburg,* 434 U.S. at 422, 98 S.Ct. 694). Further, the Court is guided by the Second Circuit's pronouncement in *Rounseville v. Zahl,* 13 F.3d 625 (2d Cir.1994) that "we are hesitant to award attorney's fees to victorious defendants in section 1983 actions." *Id.* at 632.

### III. CONCLUSION

In order to award the defendants attorneys' fees and costs, this Court would be required to make a finding that the plaintiffs claims were frivolous, unreasonable, or groundless. In light of the fact that the first jury returned a verdict in favor of Arthur Pruitt in the sum of $14,000 as well as the fact that this Court denied the defendants' motion for judgment as a matter of law at both trials, it is difficult to imagine how the plaintiffs' claims can be so construed. This is especially true in view of the fact that the plaintiff Benjamin Pruitt was shot by a police officer under disputed circumstances. Contrary to the defendants contentions, the Court finds that the plaintiffs' claims were reasonably actionable.

Accordingly, it is hereby

**ORDERED,** that the defendants' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) is **DENIED.**

**SO ORDERED.**